UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RANDALL S. WARE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIV-24-1125-R |
| | ) | |
| **ALLETE CLEAN ENERGY INC.,** | ) | |
| et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

The following motions are pending before the Court: Allete Clean Energy, Inc.'s Motion to Drop All Other Defendants [Doc. No. 23]; Caddo Wind LLC's Motion to Dismiss [Doc. No. 37]; Apex Clean Energy Holdings, LLC's Motion to Dismiss [Doc. No. 40]; and Apex Clean Energy, Inc.'s Motion to Dismiss [Doc. No. 41]. Plaintiffs filed a response to each Motion to Dismiss and those matters are fully briefed [Doc. Nos. 42-47]. Plaintiffs did not file a response to Allete Clean Energy, Inc.'s Motion to Drop All Other Defendants and that motion could therefore be deemed confessed pursuant to LCvR7.1(g). However, because the Motion to Drop All Other Defendants is premised on an argument that is also raised in the Motions to Dismiss, the Court has elected to consider the motion on its merits.

Plaintiffs initiated this action in state court on March 22, 2024 against Nextera Energy, Inc., Caddo Wind, Brian Gibbs, and Cynthia Gibbs. On April 16, 2024, Plaintiffs dismissed Nextera Energy without prejudice and filed an Amended Petition naming Caddo Wind, Bryan Gibbs, Cynthia Gibbs, Allete, Apex Clean Energy, Apex Clean Energy

Holdings, and General Electric[1] as defendants. Allete was served and, on October 28, 2024, timely removed the case to this Court. No other defendant had been served at the time of removal. On December 19, 2024, the Court entered an order directing Plaintiffs to show cause as to why the remaining defendants had not been served. Several days after the show cause deadline, Plaintiffs filed a response asserting that service documents were still in transit and filed a motion requesting additional time to complete service. Based on Plaintiffs representation that service was nearly complete, the Court granted Plaintiffs a permissive 20-day extension of the service deadline.

Allete's Motion to Drop All Other Defendants followed. Allete argues that all remaining defendants should be dismissed pursuant to Federal Rule of Civil Procedure 21 because they were deemed dismissed by operation of Okla. Stat. tit. 12, § 2004(I) prior to removal. Defendants Caddo Wind, Apex Clean Energy, and Apex Clean Energy Holdings also moved for dismissal. They similarly argue that they were deemed dismissed pursuant to § 2004(I) prior to removal and, additionally, that the Amended Petition fails to state a claim to relief.

"After a case has been removed, federal courts look to the law of the forum state, in this case Oklahoma, to determine whether service was properly made prior to removal." *Owens v. Boehringer Ingelheim Pharms., Inc.*, No. CIV-21-1157-J, 2022 WL 20689577, at *1 (W.D. Okla. Mar. 21, 2022) (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Defendants contend that they were deemed dismissed by operation of of

---

[1] Plaintiffs voluntarily dismissed the claims against General Electric without prejudice.

state law prior to removal. They rely on Okla. Stat. tit. 12, § 2004(I), which provides in relevant part:

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice and Section 100 of this title shall be applicable to any refiling of the action.

This statute places the burden on plaintiff "to demonstrate good cause why service on the defendant was not made within the prescribed 180—day period.'" *Willis v. Sequoyah House, Inc*., 194 P.3d 1285, 1290 (Okla.2008).

Excepting Allete, the Defendants were not served with process within 180 days of the filing of the Amended Petition and Plaintiffs have not even attempted to show good cause for the failure to complete service. Accordingly, the remaining Defendants would typically be deemed dismissed pursuant to § 2004(I). *See Owens,* 2022 WL 20689577 at *1 (dismissing defendants pursuant to § 2004(I) because they were not timely served prior to removal); *Jacks v. CMH Homes, Inc*., No. CIV-15-34-M, 2015 WL 2092580, at *2 (W.D. Okla. May 5, 2015) (same).

To avoid this outcome, Plaintiffs raise several (somewhat perfunctory) arguments. First, Plaintiffs suggest that § 2004(I) requires an unserved defendant to obtain a court order stating that the case is dismissed, which Defendants failed to do in this case. Plaintiffs cite no authority to support this argument, which runs counter to the way several federal districts courts have applied § 2004(I). *See Hayes v. Transportation Ins*. Co., No. 23-CV-0124-CVE-SH, 2023 WL 3486974, at *3 (N.D. Okla. May 16, 2023) ("Thus, plaintiff's claims against Dr. Hendricks must be deemed dismissed as of March 7, 2023, the day after

3

the one hundred eighty day service period ran."); *Brown v. K-MAC Enters.,* 897 F. Supp. 2d 1098, 1108 (N.D. Okla. 2012) ("Accordingly, all claims against K–MAC were, by operation of statute, 'deemed dismissed' without prejudice in state court prior to removal and therefore must be dismissed without prejudice by this Court.").

Second, Plaintiffs note that § 2004(I) provides that it "shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition." But Plaintiffs offer no argument or explanation as to why this provision might apply to any of the Defendants in this case.

Last, Plaintiffs argue that upon removal, Fed. R. Civ. P. 4(m) afforded them an additional 90 days to complete service and they ultimately served Defendants within the time set by the Court's permissive extension of the service deadline.[2] This argument involves "a curious intersection of state and federal law." *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016). Although "federal courts in removed cases look to the law of the forum state…to determine whether service of process was perfected prior to removal[,]" removed cases are governed by federal law. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). "One of the federal laws governing removed cases is 28 U.S.C. § 1448 which provides for process after removal." *Id.* Section 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with

---

[2] The court records do not reflect that Defendants Bryan Gibbs or Cynthia Gibbs have been served and the claims against them are therefore dismissed for failure to effect service. *See* Fed. R. Civ. P. 4(m).

4

> process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

In *Wallace,* the Tenth Circuit construed this provision as granting an additional 90 days (as provided for in Fed. R. Civ. P. 4(m)) from the date of removal to perfect service on an unserved defendant. Notably, the defendant in *Wallace* removed the case prior to the expiration of the service deadline and, in dicta, the Tenth Circuit suggested that "the outcome would have been different" had the defendant waited until after the expiration of the state service deadline to remove the case.[3] *Id.* at 707, n. 2. Nevertheless, "[t]here is some dispute among federal courts as to whether removed cases should be subject to dismissal for incomplete or defective service of process that would be fatal to a plaintiff's case in state court, but could be cured with the application of § 1448 and Fed. R. Civ. P. 4(m)." *Baumeister v. New Mexico Comm'n for the Blind,* 409 F. Supp. 2d 1351, 1353 (D.N.M. 2006) (citing cases).

Given the somewhat unusual procedural posture of this case and the relatively perfunctory briefing presented by Plaintiffs, the Court is disinclined to set forth any sweeping pronouncements about the impact of § 1448. Rather, the Court concludes only that, in the context of this case, dismissal of the claims for failure to complete timely service

---

[3] The timeliness of the service was critical in *Wallace* because the defendants were asserting that plaintiff's claims were barred by the state statute of limitations. Whether the claims were time-barred turned entirely on whether the service deadline provided for in the forum state's law was extended by the removal of the case. Defendants do not raise any potential statute of limitations issues in their motions.

is not warranted. In reaching this conclusion, the Court finds the following points persuasive.

First, "[t]here is nothing in the statutory language [of § 1448] that points to the inexorable conclusion that a federal court must dismiss a case in which a plaintiff would have been subject to a motion to dismiss for improper or untimely service at the state level." *Id.* Second, federal law, which governs after removal, permits federal courts to grant a permissive extension of the service deadline and such an extension was already granted in this case. *Se Jackson v. Spirit Aerosystems, Inc.*, No. 21-1210-JWB, 2022 WL 43344, at *4 (D. Kan. Jan. 5, 2022) (concluding that a federal court "retains discretion to extend the time for service" even when "an action was removed from state court and a defendant seeks dismissal for failure to make timely service"); *Spears v. Okmulgee Cnty. Crim. Just. Tr. Auth.*, No. 23-CV-65-JFH-GLJ, 2023 WL 4143244, at *4 (E.D. Okla. June 5, 2023), report and recommendation adopted, No. 23-CV-65-JFH-GLJ, 2023 WL 4132588 (E.D. Okla. June 22, 2023) (finding that service was untimely under § 2004(I) but granting a permissive extension of time to cure the defective service); *Palzer*, 671 F. App'x at 1028 (finding that Rule 4(m) gave the plaintiffs additional time complete service in removed case even though district court concluded that the plaintiffs had not shown good cause for failure to complete timely service under § 2004(I)).

Last, a dismissal pursuant to § 2004(I) is without prejudice to refiling. There is a general preference "to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service." *Washington v. City of Oklahoma City*, No. CIV-20-266-D, 2021 WL 798379, at *3 (W.D. Okla. Mar. 2, 2021) (quotation omitted). This

preference in consistent with "the strong policy underlying the Federal Rules of reaching the merits of an issue rather than dismissing a case on a technicality." *Baumeister*, 409 F. Supp. 2d at 1353; *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (4th ed.) ("The reluctance of the courts to dismiss an action when there is a possibility that effective service will be completed is understandable inasmuch as the dismissal would be without prejudice and probably would lead to the reinstitution of the suit by the plaintiff. Thus, dismissal needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits."). Given that Plaintiffs have now served Defendants Caddo Wind, Apex Clean Energy, and Apex Clean Energy Holdings, the Court finds that dismissal for failure to complete timely service is not warranted.

      Defendants additionally argue that, apart from issues with the service, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Plaintiffs' Amended Petition makes the following factual allegations: Defendants Allete, Apex Clean Energy, Apex Clean Energy Holdings, and Caddo Wind constructed a wind farm, the wind farm operates more than 100 GE-powered wind turbines, and Plaintiffs' property lies within approximately one hundred yards of NextEra's operation of the wind farm. Plaintiffs then allege that "Defendants" negligently operated the windmills and failed to properly design, construct, supervise, and test noise levels of the windmill. Plaintiffs further allege that "Defendants' wind farm has caused a nuisance" by subjecting Plaintiffs to loud and constant noise from the wind turbines.[4]

Defendants contend that Plaintiffs' Amended Petition is insufficient because it refers generically to "Defendants" without specifying the tortious conduct allegedly committed by each party. Certainly, there are circumstances where a complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). But "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.* at 1248. For example, while a complex 42 U.S.C. § 1983 claim involving multiple government actors may require specific allegations regarding the actions taken be each defendant, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time."

---

[4] The Amended Petition also asserts a trespass claim which Plaintiffs have withdrawn.

*Id.* at 1248-49.

Plaintiff's factual allegations are admittedly on the sparse side and their use of the collective "Defendants" lacks a degree of specificity. Nevertheless, the allegations are sufficient to give Defendants fair notice of the claims against them. Plaintiffs allege that this group of Defendants (Caddo Wind, Allete, Apex Clean Energy, Apex Clean Energy Holdings) constructed a wind farm near Plaintiffs' property, the wind turbines cause excessive noise, and Defendants acted negligently during the construction by failing to place the wind turbines in a proper location and failing to test and monitor the noise levels. Viewing the factual allegations in the light most favorable to Plaintiffs, the Amended Petition gives these Defendants fair notice of the claims against them and the grounds upon which they rest.

As set above, Allete Clean Energy, Inc.'s Motion to Drop All Other Defendants [Doc. No. 23]; Caddo Wind LLC's Motion to Dismiss [Doc. No. 37]; Apex Clean Energy Holdings, LLC's Motion to Dismiss [Doc. No. 40]; and Apex Clean Energy, Inc.'s Motion to Dismiss [Doc. No. 41] are DENIED. Plaintiffs' trespass claim is dismissed without prejudice. Defendants Brian Gibbs and Cynthia Gibbs are dismissed without prejudice for failure to complete service.

IT IS SO ORDERED this 22nd day of May, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE